IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MARLO L. CRIDDLE

VS.  CIVIL ACTION NO. 1:07CV221-DAS

MICHAEL J. ASTRUE,
Commissioner of Social Security

## MEMORANDUM OPINION

This matter is before the court pursuant to 42 U.S.C. § 405(g) to review the decision of the Commissioner of Social Security denying the application of Marlo L. Criddle for disability benefits under Title II of the Social Security Act. The parties in this case have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court has considered the administrative transcript, the briefs of the parties, and the applicable law and rules as follows:

## I. FACTUAL AND PROCEDURAL HISTORY

The claimant was born on May 17, 1957. She has a high school education, completed an associate of arts degree in computer science, and previously worked as an accounting clerk. On August 16, 2001, the claimant filed an application for disability insurance benefits, alleging an onset of disability as of August 15, 1997. Her application was denied both initially and upon reconsideration, and the claimant timely requested and was granted a hearing before an ALJ. At the hearing, the claimant argued that because she suffered from cervical disorders, lumbar disorders, fibromyalgia, and depression she was disabled and unable to work. On June 27, 2003, the ALJ agreed in part with the claimant, finding her disabled as of March 1, 2000. On October 20, 2003, however, the Appeals Council vacated the ALJ's March 1 decision and remanded the case for the ALJ to examine the claimant's contention that she was self-employed during a

portion of 1999. On April 26, 2005, the Administration held a second hearing, and on April 29, 2005, the ALJ entered a second opinion, this time finding the claimant's contention that she was self-employed during a portion of 1999 lacked credibility. As a result, the ALJ determined the claimant was not entitled to disability insurance benefits. The ALJ's decision rested as the final decision of the Commissioner when the Appeals Council denied the claimant's request for review, and thus, the ALJ's second decision is now ripe for review under section 205(g) of the Social Security Act. 42 U.S.C. § 205(g).

## II. STANDARD OF REVIEW

This court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)). The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the

Commissioner even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988); *Harrell*, 862 F.2d at 475. If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld. *Paul v. Shalala*, 29 F.3d 208, 210 (5th Cir. 1994).

### III. DISCUSSION

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the claimant throughout the first four steps of this five-step process to prove disability, and if the claimant is successful in sustaining his burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, claimant must prove he is not currently engaged in substantial gainful activity.[3] Second, the claimant must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the claimant is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1.[5] Fourth, the claimant bears the burden of proving he is incapable of meeting the physical and mental demands of her past

---

[1] *See* 20 C.F.R. §§ 404.1520 (2008).

[2] *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[3] 20 C.F.R. §§ 404.1520(b) (2008).

[4] 20 C.F.R. §§ 404.1520(c) (2008).

[5] 20 C.F.R. §§ 404.1520(d) (2008). If a claimant's impairment meets certain criteria, that claimant's impairments are of such severity that they would prevent any person from performing substantial gainful activity. 20 C.F.R. §§ 404.1525 (2008).

relevant work.[6]  If the claimant is successful at all four of the preceding steps the burden shifts to the Commissioner to prove, considering claimant's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7]  If the Commissioner proves other work exists which the claimant can perform, the claimant is given the chance to prove that he cannot, in fact, perform that work.[8]

In the present case, there is only one issue before the court: whether there is substantial evidence to support the ALJ's determination that the claimant's proof lacked credibility and consequently failed to demonstrate she was entitled to disability insurance benefits.  After examining the ALJ's opinion and the evidence provided, the court finds substantial evidence supports the ALJ's decision, and it is, therefore, affirmed.

## **CREDIBILITY**

In the present case, the claimant contends she became disabled on August 15, 1997.  As discussed *supra*, the ALJ in his initial opinion found the claimant disabled, but he found an onset date of March 1, 2000.  After examining her earnings history, however, the Appeals Council found the claimant did not meet the 20/40 requirement for a period of disability commencing on March 1, 2000.  A claimant's work history is a prerequisite to a determination of eligibility for disability benefits.  In order for a claimant to qualify for disability benefits under Title II , in addition to proving disability under the Act, a stage this claimant has already reached, she must have "insured status."  *See* 20 C.F.R. § 404.130.  For the claimant to have disability insured status, she must satisfy the 20/40 test.  20 C.F.R. § 404.130(b).  The 20/40 test requires that the

---

[6] 20 C.F.R. §§ 404.1520(e) (2008).

[7] 20 C.F.R §§ 404.1520(f)(1) (2008).

[8] *Muse*, 925 F.2d at 789.

4

claimant have at least twenty quarters of coverage in a forty-quarter period ending with the quarter that she became disabled – March 1, 2000. 20 C.F.R. § 404.130(b)(2). Consequently, the ALJ and this Court look back forty quarters or ten years from March 1, 2000 to determine whether she earned enough money during twenty of those quarters to find her insured. When the Appeals Council notified the claimant of this, her counsel submitted an amended tax return for 1999, providing the claimant was self-employed for a period of time in 1999 with net earnings of $1,725.00. If found to be legitimate, this amount would result in two additional quarters of coverage and enable the claimant to meet the earnings requirement.

Along with her testimony at the second hearing, the claimant's proof to support this 1999 self-employment includes two copies of the amended return, but neither copy was dated. Along with the undated copies of the amended return, the claimant submitted a monthly earnings report and an affidavit signed by her brother-in-law, Sheldon Clark Criddle. The affidavit provides, among other things, that Sheldon Criddle paid the claimant for domestic services from May 1, 1999 to October 18, 1999. The ALJ found the claimant's testimony and the documents submitted in support thereof lacked credibility. Specifically, the ALJ explained:

> The claimant testified incredibly that she performed this asserted work five days per week on an average of two to three hours per day. The monthly earnings report signed by Sheldon Criddle asserts in complete contradiction that the claimant was scheduled to work 30 to 40 hours per week. The claimant testified initially as noted that she performed no work activity after the alleged disability onset date apart from the work set forth the quarterly earnings report (*i.e.*, from May 1999 through October 1999). She testified thereafter in complete contradiction that she continued after 1999 to perform the same type of home health care for Audie Criddle, working five days per week for two to three hours per day, until the death of Audie Criddle in about 2002. The affidavit of Sheldon Criddle asserts to the contrary that after October 18, 1999 Audie Criddle's children performed these domestic services for Audie Criddle; the affidavit makes no mention of any continuing employment of the claimant after October 18, 1999 and provides that her employment relationship concluded on that date  The claimant testified that her husband was present during her performance of this home health care and her husband testified that he helped her

5

> perform this work, in pertinent part by lifting John or Audie Criddle as needed. The affidavit of Sheldon Criddle asserts to the contrary that no other adults qualified to perform these domestic services were present at the time the claimant performed this work. The claimant conceded significantly as noted that she has no additional documentary or physical evidence to substantiate the nature or her performance of this alleged work and no additional documentary or physical evidence to substantiate the nature or her receipt of this alleged compensation.

(Tr. at 21). In addition, the record includes the claimant's testimony from the first hearing in June 24, 2003, when not only did she neglect to mention she was gainfully employed during 1999, but rather she described her condition at that time as virtually helpless, in so much pain that she could not even hug her own child. Her counsel further explained that the claimant's condition was so desperate her husband had to help her with the simplest activities, such as grooming and bathing.

After considering the claimant's testimony and the documentary evidence, the ALJ found the claimant's new contention that she was self-employed from May 1, 1999 to October 18, 1999 lacked credibility, and consequently determined she did not meet the 20/40 earnings requirement. It is well established that such credibility determinations are entitled to great deference, and in this case, the court finds the ALJ's findings are supported by substantial evidence. *See Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). As discussed *supra*, substantial evidence is not an especially difficult standard for the ALJ to meet. Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In the present case, the court finds the documentary evidence combined with the claimant's own testimony provide sufficient evidence to support the ALJ's decision.

## IV. CONCLUSION

Based on the foregoing, I find that substantial evidence supports the Commissioner's

decision that the claimant was not gainfully employed from May 1, 1999 to October 18, 1999, and thus, not entitled to disability insurance benefits. Accordingly, the Commissioner's determination that the claimant did not meet the 20/40 earnings requirement mandated by 20 C.F.R. § 404.130 should be affirmed. A final judgment consistent with this opinion will be entered.

THIS, the 20th day of March 2009.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE